*Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          :
STEVEN ROSAMILIA,                         :        Civil Action No. 08-4063(FLW)
                                          :
                Plaintiff,                :
                                          :                OPINION
        v.                                :
                                          :
ACB RECEIVABLES                           :
MANAGEMENT, INC.,                         :
                                          :
                Defendant.                :
_____          :

WOLFSON, District Judge:

        This case arises from a collection dispute over two-hundred and fifty dollars pursuant to

the Fair Debt Collection Practices Act (the "Act").  Plaintiff Steven Rosamilia ("Plaintiff") brings

this action against Defendant ACB Receivables Management, Inc. ("Defendant"), a collection

agency, alleging that Defendant failed to provide an adequate debt validation notice within five

days of the parties' initial communication in contravention of § 1692g of the Act.  In the present

matter, Defendant moves to dismiss Plaintiff's three-count Complaint and raises the question

whether Plaintiff's pleadings are sufficient to sustain his claims of unlawful debt collection

practices.  Based upon the reasoning herein, the motion is DENIED.

1

BACKGROUND

For the purposes of a Rule12(b)(6) motion, the Court recount the facts as alleged in the Complaint.  Defendant is in the business of collecting debts using the mail, telephone, and facsimile.  There is no dispute that Defendant is a"Debt Collector" under the Act.  On or about July 15, 2008, Plaintiff discovered that Defendant placed a "collection account" on his credit report.  Upon ascertaining this status, on July 18, 2008, Plaintiff contacted Defendant by telephone to inquire as to the nature and cause of the "collection account."  Plaintiff was informed that New Jersey Dermatopathology Lab had placed the account for collection with Defendant in the amount of $250.00.

During the phone conversation, Defendant demanded payment of the alleged debt from Plaintiff.  In response, Plaintiff disputed the debt and requested a copy of the invoice.  The conversation ended when Defendant agreed to mail Plaintiff a copy of the statement of the account.

On or about July 22, 2008, Defendant mailed a copy of a "Statement to Collection" to Plaintiff with a cover letter requesting payment ("Collection Letter").  The Collection Letter states : "As per your request, enclosed please find itemized bill for the above account.  Remit payment to this office."  See the Collection Letter dated July 22, 2008.  The correspondence further identifies Mr. G Harris from Defendant's office as the contact agent for Plaintiff's debt.  See Id.

Subsequently, Plaintiff secured counsel, and through his attorney on July 25, 2008, sent

2

a letter to Defendant disputing the validity of the alleged debt.  In addition, Plaintiff demanded

verification and a full accounting of the debt amount.  See Counsel Letter dated July 25, 2008.

Plaintiff initiated this action alleging that Defendant failed to provide proper validation

notice in violation of §§ 1695g(a)(3), (4), (5) of the Act.  Specifically, Plaintiff asserts that the Act

requires a debt collector to give validation  notice within five days of its initial communication

with the consumer.  In this notice, Plaintiff maintains that the Act requires a debt collector to

inform a consumer (1) the right to dispute the alleged debt; (2) the right to obtain verification

of the debt; and (3) the right to obtain the name and address of the original creditor of the debt.

Because the Collection Letter failed to delineate these rights, Plaintiff asserts that Defendant has

failed to comply with the Act.

<u>DISCUSSION</u>

I.      Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be

entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)

(citation and quotations omitted).  In <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544

(2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired"

the language contained in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), that "a complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965).

II.     Fair Debt Collection Practices Act Claims

The Act was enacted in 1977 to curb "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."   15 U.S.C. § 1692(a).   To advance consumer protection, the strict liability statute enables consumer to bring a private cause of action against debt collectors who violate its provisions.  See 15 U.S.C. § 1692k; see Russell v. Equifax A.R.S., 64 F.3d 33 (2d Cir. 1996).  In the present case, Plaintiff alleges that Defendant violated  §§ 1695g(3) - (5), which concern the validation notice – the statements that inform consumers how to obtain verification of the debt.  Collectively, these provisions require a debt collector to

4

specifically include the following information in a debt collection letter to a consumer:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); see Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000)(quotations and citations omitted).  The Act further mandates the debt collector to cease all collection efforts if the consumer provides written notice that he or she disputes the debt or requests the name of the original creditor until the debt collector mails either the debt verification or creditor's name to the consumer. 15 U.S.C. § 1692g(b); see Id.

In order to comply with the requirements of § 1692g, the mere inclusion of the statutory debt validation notice in the debt collection letter is insufficient.  Rather, the required notice must also be conveyed effectively to the debtor.  Id. (citations and quotations omitted); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)  To that end, the validation notice must be "interpreted from the perspective of the 'least sophisticated debtor.'"  Graziano, 950 F.2d at

5

111 (citing Baker v. G.C. Servs. Corp., 677 F.2d 775, 778 (9th Cir. 1982)).  The Third Circuit, relying on other circuits' definition, has expounded that the "least sophisticated debtor" standard is "'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'"  Wilson, 225 F.3d at 354 (quoting Smith v. Computer Credit, Inc., 167 F.3d 1052, 1054 (6th Cir. 1999).  The basic purpose of the "least sophisticated consumer" standard is "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law."  Id. (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)).  To impose this type of standard not only protects naive consumers, but it also "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."  Id. at 355 (citations and quotations omitted).  With these principles in mind, the Court turns to each of Defendant's arguments.

Defendant offers the Court various arguments that are either irrelevant or legally erroneous.  Defendant's first argument is based on the flawed premise that Plaintiff's allegations assert that the initial communication between the parties was conducted through the Collection Letter sent by Defendant on July 22, 2008.  Defendant then argues that it was permitted five days in which to fulfill its notice obligation from July 22, 2008.  It illogically avers that because Plaintiff disputed his debt and demanded verification on July 25, 2008, it was relieved of its obligations under the Act.  Moreover, compounding its errors, Defendant posits that in order

for the Plaintiff to survive Rule 12 (b)(6), he must have alleged that Defendant took steps to collect the debt after Plaintiff requested debt verification.   Defendant's arguments miss the mark.

As alleged, the initial communication between the parties occurred on July 18, 2008, not July 22, when Plaintiff telephoned Defendant to inquire about the nature of the "collection account" on his credit report.[1]  Therefore, pursuant to § 1692g(a), Defendant was required to send Plaintiff a debt validation notice no later than July 23, 2008.  On July 22, 2008, Defendant sent the Collection Letter to Plaintiff demanding payment of the alleged debt.  As mentioned above, the letter allegedly only stated  the amount of the debt and the name of the creditor to whom the debt was owed.  Absent from the letter are the statutorily required statements that indicate Plaintiff's right to dispute the debt within thirty days after receipt of the notice, the right to obtain a verification of the debt, and the right to be provided with the name and address of the original creditor.  Based on those allegations, Plaintiff has pled sufficiently to defeat Defendant's motion.

Even if the "initial communication" took place on July 22, 2008, by way of the Collection Letter, based on Plaintiff's allegations, Defendant did not provide any other letter to Plaintiff that would conform with the requirements of the Act.  At this stage, because the Court takes as

---

[1] 15 U.S.C. § 1691a(2) defines "communication" as the conveying of information regarding a debt directly and indirectly to any person through any medium.  Therefore, as alleged, the parties' telephone conversation on July 18, 2008, would presumably constitute as an "initial communication."

true Plaintiff's allegations, including the alleged Collection Letter and its content, Plaintiff has sufficiently alleged that Defendant did not provide a proper debt validation notice pursuant to the Act.

Furthermore, Defendant cites no authority, nor can the Court find any, to support his theory that ceasing communication and debt collection activities after receiving a request for verification relieves the debt collector from liability for failing to provide a proper debt collection notice. Rather, in support of its infirm argument, Defendant cites to A.M. Miller and Associates, 122 F.3d 480, 483 (7th Cir. 1997), for the general proposition that a plaintiff fails to state a valid claim under § 1692g when the debt collectors ceased all collection activities after the plaintiff requested validation. Id. This case has no relevance here. Defendant's independent statutory obligation to send a proper debt validation notice is triggered by the "initial communication," not by Plaintiff's subsequent request for validation.

Defendant's next argument fares no better. It erroneously argues that Plaintiff's oral request for the validation of the alleged debt on July 18, 2008, did not comply with the provision of the Act that requires the request be in writing. Since the request was ineffective, Defendant submits that Plaintiff has not pled any wrongdoing under the Act that can be attributed to it. The Court finds this contention implausible and fails to see how the manner of Plaintiff's request is relevant to the dispute. The issue here is not whether Plaintiff's demand for verification of the alleged debt was in writing; instead, the issue is whether Defendant provided proper notice to Plaintiff following the "initial communication" between the parties. Indeed,

8

the "initial communication" is not required to be in writing.  See 15 U.S.C. § 1691a(2); see also Footnote 1, supra.  Defendant mistakenly construes Plaintiff's request for the invoice over the telephone as his request for validation.  Rather, the allegation is that the telephone conversation between the parties on July 18, 2008 was the "initial communication."  The Act then places the burden on Defendant to send the appropriate notice within five days after the conversation.[2] Whether Plaintiff subsequently requests debt validation is irrelevant to Defendant's notice obligations.

As a last-ditch effort, Defendant manufactures a "harm" element in order for Plaintiff to sufficiently plead cognizable claims under §§ 1692g(3) - (5).  Citing to Congressional intent, Defendant maintains that Plaintiff must have been harmed in order to sustain his claims.  However, the Act is a strict liability statute.  Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 217 F.Supp. 2d 339 (E.D.N.Y. 2002); Russell, 74 F.3d 33.  "A debt collector violates the Act by failing to provide the information it requires . . . ."  DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001).  In other words, a debt collection agency violates the Act by failing to include mandatory disclosure provisions in demand letters, even if the lack of disclosure was not egregious and resultes in little or no harm.  Russy v. Rakin, 911 F.Supp. 1449, 1455 (D.N.M. 1995).  Here, Defendant's argument is better addressed to the issue of damages, not liability.

---

[2]Defendant's argument in this context is quizzical.  Not only is the argument misplaced, but Plaintiff's July 25, 2008 debt validation request, sent by his counsel, was in fact in writing.

9

For the reasons set forth above, the Court finds Plaintiff has sufficiently pled cognizable claims pursuant to §§ 1692g(3) - (5) of the Act.

DATED: April 22, 2009

   /s/Freda L. Wolfson   
Freda L. Wolfson, U.S.D.J.

10